FILED
APR - 4 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Robinson Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 14-568 UNA |
| | ) |
| Barack Obama *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted an action captioned "Complaint for Declaratory and Injunctive Relief Interlocutory Damages Pursuant to 42 U.S.C. § 1985," and an application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction since plaintiff has not established his standing to sue. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("[T]he defect of standing is a defect in subject matter jurisdiction.").

Plaintiff, a resident of Rosedale, New York, sues, *inter alia*, President Barack Obama, former President George W. Bush, several leaders of Congress, and the National Security Agency ("NSA") for equitable relief and monetary damages exceeding $12 million. *See* Compl. at 13-15. Plaintiff is "challenging the constitutionality of a secret government program that unlawfully intercepts vast quantities of telephone and internet communication of innocent Americans without court approval . . . ." *Id.* at 1. He alleges that he "is an innocent American

who frequently communicates by telephone and internet," who now "has a well-founded belief that his communications are being intercepted." *Id.* at 2. Plaintiff's belief stems from nothing more than "public revelations [in 2013] that the federal government, through . . . NSA, and with the participation of certain telecommunications and internet companies, has conducted surveillance and intelligence-gathering programs that collect certain data about the telephone and internet activity of American citizens within the United States." *Klayman v. Obama*, 957 F. Supp. 2d 1, 1 (D.D.C. 2013).

"To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, —, 130 S.Ct. 2743, 2752 (2010)). Unlike the plaintiffs in *Klayman*, plaintiff does not allege that he is a "subscriber[] or user[] of certain telecommunications and internet firms." *Klayman*, 957 F. Supp. 2d at 1. His generalized fear that his communications are being intercepted "is insufficient to create standing." *Clapper*, 133 S.Ct. at 1154. A separate order of dismissal accompanies this Memorandum Opinion.

Date: March 19, 2014

United States District Judge